Dinorah COTO; David Fernendez; Ann Gandolfo; Robert Moore; Anna Moore; Louis Campbell; Luciano Navarro; Susan Dougherty; William Hinckley; and Robert DiCarlo, Candidate for the Republican Nomination for State Senator from the 23rd Senate District, Plaintiffs–Appellees,

v.

NEW YORK CITY BOARD OF ELECTIONS; Paul Mejias, President; Frederick Umane, Secretary; Weyman A. Carey; Douglas Kellner; Ferdinand C. Marchi; Seymour Sheldon; Ron D'Angelo; Gertrude Strohm; Vincent Velella; Kathleen M. Wagner, Commissioners and Daniel DeFrancesco, Executive Director, Defendants–Appellees,

John Gangemi, Candidate for the Republican Nomination for State Senator from the 23rd Senate District; Guy Molinari and Joseph Silva, Defendants–Appellants.

Nos. 976, 986, Dockets 96–9268, 96–9292.

United States Court of Appeals,
Second Circuit.

Argued Oct. 7, 1996.

Decided Oct. 8, 1996.

Written Opinion Filed Nov. 26, 1996.

Aaron D. Maslow, Dorn & Associates, P.C., Brooklyn, NY, for Defendants–Appellants.

Thomas J. Spargo, East Berne, NY, for Plaintiffs–Appellees Coto, Fernendez, Gandolfo, Robert Moore, Anna Moore, Campbell, Navarro, Dougherty, and Hinckley.

Before: OAKES, ALTIMARI and MAHONEY,[*] Circuit Judges.

ALTIMARI, Circuit Judge:

The present case involves a constitutional challenge to the September 10, 1996 Republican primary election for state senator in the 23rd Senate District of New York State, covering portions of Kings and Richmond Counties. As explained in the companion opinion *Gold v. Feinberg*, 101 F.3d 796 (2d Cir.1996), issued concurrently with this opinion and with which familiarity is presumed, the primary election in Kings County was marked with irregularities, including, relevant to this appeal, delays in the arrival of voting machines at fifty-three election districts in the Kings County portion of the 23rd Senate District. According to the plaintiffs-appellees, the untimely delivery of the voting machines, among other things, deprived voters of their right to vote in violation of 42 U.S.C. § 1983. The United States District Court for the Eastern District of New York (Trager, *J.*) agreed with the plaintiffs, and entered a preliminary injunction directing the continuation on October 10, 1996 of the September 10, 1996 Republican primary election for state senator in the fifty-three election districts of the 23rd Senate District of New York State affected by the late delivery of voting machines. Certain defendants appeal on an expedited basis from that order.

After oral argument was heard in this appeal, a *per curiam* decision was issued reversing the district court's preliminary injunction, and stating that an opinion articulating the rationale for our decision would follow. *See Coto v. New York City Bd. of Elections,* 97 F.3d 680 (2d Cir.1996). For substantially the same reasons stated in *Gold,* the rationale for our decision is that controlling precedent in this Circuit requires that in order to find a violation of § 1983 there must be evidence of an intentional deprivation of the right to vote, and no such evidence exists here.

### Background

The events underlying this case are set forth in *Gold,* 101 F.3d at 798, and we set forth only the facts relevant to this appeal.

The defendant-appellant John Gangemi defeated incumbent Senator Robert DiCarlo by a margin of 128 votes out of approximately 6000 total votes cast, in the Republican state senate primary for the 23rd electoral district. More than fifty voting machines, of a total of 246, were not delivered by 6:00 a.m. to polling places in fifty-three of the districts voting in the state senate primary. Most of these machines were delivered several hours later, with the latest delivery taking place at 12:15 p.m.

Plaintiffs-appellees include DiCarlo and registered Republican voters in the 23rd electoral district who claim to have been deprived of the right to vote in the election as a result of the untimely delivery of the voting machines. They commenced this § 1983 action against, among other persons, Gangemi and appellants Guy Molinari and Joseph Silva. In addition to bringing this challenge in federal court, DiCarlo instituted state court proceedings pursuant to New York Election Law Section 16–102, but those proceedings were adjourned pending the outcome of this federal litigation.

Finding that the late delivery of the voting machines violated the plaintiffs' constitutional rights and was cognizable under 42 U.S.C.

---

[*] Our beloved colleague the Hon. J. Daniel Mahoney authored the initial *per curiam* decision to reverse the district court in this case, which was rendered after oral argument was heard. Two weeks later, however, he tragically died as the result of an accident. Judges Oakes and Altimari have therefore, completed this opinion.

§ 1983, Judge Trager entered a preliminary injunction ordering a continuation on October 10, 1996 of the Republican primary election for state senator in the fifty-three election districts of the 23rd Senate District of New York State affected by the late delivery of voting machines.

This appeal followed and was considered on an expedited basis. Although plaintiffs' complaint also alleges claims under the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973–1973ff–6, and the First and Fourteenth Amendments to the United States Constitution, the district court's injunction was entered on the basis of § 1983, and we limit our review here to that claim.

### Discussion

For the reasons more fully articulated in *Gold*, we find here that the district court abused its discretion in issuing the preliminary injunction ordering a continuation of the state senate primary, because it misapprehended controlling precedent. Our decision in *Powell v. Power*, 436 F.2d 84 (2d Cir.1970), continues to be the law in this Circuit. Moreover, because there is no evidence here of intentional or willful conduct by state officials necessary to state a cognizable § 1983 claim for deprivation of the right to vote, the plaintiffs are unable to establish a likelihood of success on the merits or a sufficiently serious question going to the merits of the appeal.

Consequently, the district court's preliminary injunction must be vacated in its entirety. We need not reach the remaining issues raised by the appellants.

### Conclusion

For the reasons stated above, the order of the district court, directing the continuation on October 10, 1996 of the September 10, 1996 of the Republican primary election for state senator in fifty-three election districts of the 23rd Senate District of New York State, was reversed on October 8, 1996. The foregoing constitutes the rationale for our decision at that time.

OAKES, Senior Circuit Judge, concurring:

I concur, bound as I am by the precedent of *Powell v. Power*, 436 F.2d 84 (2d Cir.1970), although the irregularities here were so gross as to call the flat statements in that precedent into serious question. However, to erode *Powell*, even in cases as fraught with irregularity as these, would put the federal courts in the extremely difficult position of monitoring state primaries as to the extent of election law violations, cases which would involve serious time constraints, difficult questions of cause and effect, and extremely complicated questions of remedy, including whether to order a reelection overall or only in certain districts, etc. Thus, though I was initially inclined to agree with District Judge Trager that the facts of these cases and the related cases went beyond the bounds of simple irregularity, on further reflection they still fall short of the intentional deprivation called for by *Powell* and progeny. Therefore, I am required, reluctantly, to concur.

I cannot help but note my view, however, that the only "abuse" of Judge Trager's discretion was his hesitance to construe our precedent as strictly as my colleagues did, and I now do. Indeed, I thought he took a very sensible, restrained, and practical approach to an almost impossible series of bureaucratic and official errors resulting in the deprivation of important, fundamental voting rights. Let us hope that a repetition of such will not again occur. Were it to do so, it would, I think, invite this court to look anew at the *Powell* approach.